IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| TRANSGROUP EXPRESS, INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:04cv308 (GBL) ) |
| REGROUP EXPRESS L.L.C., *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

THIS MATTER is before the Court on Plaintiff Transgroup Express, Inc. and Transfair North America International Freight Services, Inc. (collectively "Transgroup")'s and Defendants Regroup Express, LLC ("Regroup")'s Cross Motions for Entry of Judgment and Award of Attorney's Fees and Costs.  This case concerns a claim by Transgroup for damages based on the alleged breach of the Transportation Services Agreement ("TSA") between Transgroup and Regroup.  It also concerns a counterclaim by Regroup and Stonepath alleging that Transgroup breached the TSA and intentionally interfered with its business expectancies by soliciting Regroup's customers.  The issues remaining before the Court following the motions for summary judgment and bench trial in this case are (1) entry of judgment on Counts I of the Complaint and Count VI of the Amended Counterclaim [hereinafter "Counterclaim"]; and (2) whether the court should decline to award attorneys' fees and costs under Federal Rule of Civil

Procedure 54(d)(1) and Section 13.1 of the 1994 Transportation Services Agreement ("TSA"), since both parties prevailed only in part on the claims but neither party was successful on a substantial part of the litigation.  The Court holds that (1) judgment is entered for Transgroup on Count I of the Complaint (breach of contract), judgment is entered for Defendant Regroup on Count VI of the Counterclaim (breach of contract); and (2) the court declines to award attorneys' fees and costs to either party because based on the particular circumstances of this case, it can not be held that either party prevailed as to a substantial amount of the litigation.

## I.   BACKGROUND

This case stems from an action for damages by Plaintiffs Transgroup against Defendants Regroup and its principals, Charles R. Cain and Jed J. Shapiro.  Transgroup filed a complaint for damages alleging breach of contract and tortious interference with contractual relations.  Defendants and Counterclaim Plaintiff Stonepath Government Logistics Services, Inc. ("Stonepath") filed a Counterclaim alleging breach of contract, intentional interference with business expectancy, violation of the Virginia Trade Secret Act, intentional interference with contractual relations, and requesting declaratory and injunctive judgment.  Stonepath acquired the assets of Defendant Regroup on

June 20, 2003.

Transgroup is engaged in the United States domestic and international freight forwarding and logistics business.  Compl. ¶ 7.  Regroup was a freight forwarding company formed by Cain and Shapiro in 1994.  Cain and Shapiro have been directly involved in the freight forwarding business for the past fifteen years.  Defs' SOF ¶ 1.  Regroup is a lawfully organized and registered Virginia Limited Liability Company.  Defs. SOF ¶ 3.  2.

Transgroup and Regroup entered into a transportation services agreement ("TSA"), effective September 10, 1994, under which Regroup was to become an independent transportation company ("ICO") serving as Transgroup's freight forwarding and logistics ICO in Washington, D.C. and Virginia.  Compl. ¶ 10.  Section 13.1 of the TSA provides that "in the event of any suit [arising] under this Agreement, the prevailing party will be entitled, in addition to other remedies, reasonable attorney fees and costs."[1] Both parties have filed motions arguing that they are the prevailing party and seeking attorney's fees and costs under the TSA.

Procedural History

This matter came before the Court on Cross Motions for Summary Judgment.  On January 25, 2005, the Court issued a

---

[1] TSA ¶ 13.1 actually states that it applies to any suit "arriving" under the TSA, that was a typographical error and the parties intended to use the word arising.  *See* Pls.'s Motion  for Entry of Judgment and Award of Attorney's Fees and Costs ["hereinafter Pls.'s Mot."] at fn. 1.

3

memorandum opinion granting both the Plaintiff's and the Defendant's Motions for Partial Summary Judgment in part and denying them in part.  On January 31, 2005, this matter came before the Court for a bench trial.  Following the bench trial, the Court entered judgment in favor of Transgroup and against Stonepath in the amount of $42,653.27 on Count II of the Complaint (tortious interference with contractual relations).  See Court's Order, March 7, 2005.  On February 7, 2005, the Court signed a consent order dismissing Count I of the Counterclaim with prejudice, and Counts II, III, and V of the Counterclaim without prejudice.

<u>Count I</u>

Plaintiffs brought Count I of the Complaint, breach of contract, alleging that "Defendants breached the TSA by refusing to make required payments due to Transgroup in the amount of several million dollars."  Complaint at ¶ 42.  The Court ultimately found that Defendants were liable for approximately $2.1 million dollars.  Plaintiffs, however, were holding approximately $2.3 million dollars of Defendant's funds in the bad debt reserve fund.  After application of the $2.1 million dollar judgment, Plaintiffs were ordered to return approximately $233,381 from the reserve fund to Defendants.

4

Count VI

Count VI of Regroup's Counterclaim alleges that "the reserve must be paid to Regroup upon termination of the TSA, less only any proper deductions for bad debt losses under the TSA." *See* Counterclaim ¶ 42. Regroup further alleged that once the bad debt reserve calculation was properly performed under the TSA, "Transgroup is entitled to charge not more than $1,400,228.40 against the $2,297,009.40 it is holding," and that "Regroup is owed at least $916,781.00 of the [amount] Transgroup is holding..." Amended Counterclaim ¶ 46. The Court ultimately held that Regroup is owed $233,381.30.

## II. DISCUSSION

**A. Standard of Review**

In the United States, parties are ordinarily required to bear their own attorney's fees – the prevailing party is not entitled to collect from the loser. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). Under this "American Rule," courts follow "a general practice of not awarding fees to a prevailing party absent explicit statutory authority." *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994).

A Court may award attorney's fees under Virginia law where

provided for by contract. *See generally Prospect Development Co., Inc. v. Bershader*, 258 Va. 75, 92, 515 S.E.2d 291, 300 (1999). Section 13.1 of the TSA provides that "in the event of any suit [arising] under this Agreement, the prevailing party will be entitled, in addition to other remedies, reasonable attorney fees and costs." Under Virginia law, "'[t]he prevailing party' ... is the party in whose favor the decision or verdict in the case is or should be rendered and judgment entered." *Richmond v. County of Henrico*, 185 Va. 859, 869, 41 S.E.2d 35, 41 (1947).

Rule 54(d)(1) states that "costs other than attorneys' fees shall be awarded unless the court otherwise directs." The award of costs under Rule 54(d)(1) is in the Court's sound discretion. *Morgan v. Kight*, 294 F. Supp. 40, 41 (E.D.N.C. 1968). In *Hensley v. Eckerhart*, the Supreme Court held that the most critical factor in determining the appropriate amount of attorney's fees is the degree of success obtained. 461 U.S. 424, 436 (1983). In a close and difficult case in which there are claims and counterclaims, and each party is successful only in part, it is not an abuse of discretion for the trial judge to require each party to pay its own costs. *Kalkowski v. Ronco, Inc.*, 424 F.Supp. 343, 353 (N.D. Ill. 1976) (citing *United States v. Plywood Corp. v. General Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966)) (holding that well fought patent infringement case in

6

which each party prevailed in part on claims and counterclaims precluded award of attorneys fees and costs).

**B. Analysis**

Count I of the Complaint

Judgment is entered for Plaintiff Transgroup on Count I of the Complaint.  Under Count I of the Complaint, Plaintiffs sued Regroup for breach of contract arguing that Defendants owed Plaintiffs unpaid customer charges under the TSA.  Specifically, Plaintiffs alleged that they were owed "several million dollars," and that there was a "reserve fund shortage totaling millions of dollars."  Complaint ¶¶ 22, 42.  After the Court's rulings under the TSA were applied, it was determined that there was no shortage of funds in the bad debt reserve fund.  The Court did find, however, that Transgroup was entitled $2.1 million of the total $2.3 million that was in the reserve fund.  Transgroup will return the difference between the withheld $2.3 million in reserve and the $2.1 million judgment ($233,381.80).  Although, Plaintiffs Transgroup's success under Count I is limited, Plaintiffs still achieved resolution of the outstanding payment issues under the TSA, as sought in the complaint.  Accordingly, judgment is entered for Transgroup on Count I of the Complaint.

Count VI of the Counterclaim

Judgment on Count VI of the Counterclaim is entered in favor of Defendant Regroup. Count VI of Regroup's Counterclaim alleges that "the reserve must be paid to Regroup upon termination of the TSA, less only any proper deductions for bad debt losses under the TSA." *See* Counterclaim ¶ 42. Regroup also specifically alleges that it was owed at least $916,781.00 of the amount Transgroup is holding in the reserve fund. The Court ultimately held that Regroup was owed $233,381.30 from the reserve fund. Although, Regroup was not awarded the entire amount it sought, the Court still held that Regroup was entitled to the remainder of the bad debt reserve fund after proper deductions for bad debt losses were made. Accordingly, since there was a surplus in the bad debt reserve fund, although not as significant as Regroup alleged, judgment on Count VI of the Counterclaim is entered in favor of Regroup.

Prevailing Party

In this matter, neither party can be considered the "prevailing party" under Federal Rule of Civil Procedure 54(d)(1) or TSA Section 13.1, so the Court declines to award attorneys' fees and costs. Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Section 13.1 of the

TSA provides that "in the event of any suit [arising] under this Agreement, the prevailing party will be entitled, in addition to other remedies, reasonable attorney fees and costs." The analysis for determining who the prevailing party is focuses on "who prevailed 'as to the substantial part of the litigation.'" *Bats Inc. v. Vector Pipeline*, 222 F.R.D. 356 (N.D.IN. 2004) (citing *First Commodity Traders v. Heinold Commodities*, 766 F.2d 1007, 1015 (6th Cir. 1985)). In a case in which "there are claims and counterclaims with the case being a close and difficult one, it is not an abuse of discretion for the trial judge to require each party to pay its own costs." *Kalkowski*, 424 F.Supp. at 353, (N.D. Ill. 1976) (citing *United States v. Plywood Corp. v. General Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966)); *see also All West Pet Supply Co. v. Hill's Pet Products Division, Colgate Palmolive Co.*, 153 F.R.D. 667 (D.KS. 1994) (declining to award costs to any party since each of them prevailed, at least in part).

The case has been well fought, and a brief review of the case history reveals that after cross motions for summary judgment and a bench trial, each party had limited success on some of its claims. Following motions for summary judgment, the Court issued an extensive opinion, in which it detailed its rulings regarding the TSA issues and Plaintiff's purported deductions from the reserve fund in which each party was

9

successful in part. *See* Court's Orders January 25, 2005. Specifically, the Court held as follows:

> Defendants' Regroup Express L.L.C. et al. and Counterclaim Plaintiff Stonepath Logistics Government Services Inc.'s Motion for Partial Summary Judgment on (1) Ten Issues Under the Transportation Services Agreement; and (2) the Plaintiffs' Piercing the Veil Theory is granted in part and denied in part. The Court grants the Defendant's Motion for Partial Summary Judgment in the following respects:
>
> (1) the freight forwarding customers under the TSA were Regroup's customers,
> (2) Regroup's potential liability under the TSA and breach of contract claim is limited to "89% of the losses on payments due from Regroup customers,"
> (3) Transgroup cannot deduct $328,404 from the bad debt reserve fund based upon the Rohlig account,
> (4) Transgroup cannot deduct more than 89% of the accounts receivable aging net figures for Transgroup from the bad debt reserve fund,
> (5) Transgroup cannot deduct more than 89% of the accounts receivable aging net figures for Transfair from the bad debt reserve fund,
> (6) Transgroup cannot deduct $245,962.24 from the bad debt Reserve Fund for the FAO contingent claim,
> (7) Transgroup cannot deduct $101,803.07 from the bad debt for the FAO contingent claims, and
> (8) Transgroup cannot pierce Regroup's corporate veil.
>
> The Court denies the Defendant's Motion for Partial Summary Judgment in the following respects:
>
> (1) whether Regroup's maximum potential liability under the breach of contract claim of the complaint is limited to the $2.3 million dollar reserve fund,
> (2) whether Transgroup can only deduct $707,000 from the bad debt reserve fund for the pre-bankruptcy petition Zany account,
> (3) whether Transgroup can deduct $554,702.59 from the bad debt reserve fund for the Transrelief/Coast Guard project.
>
> *Id*.

The case then proceeded to a bench trial on January 31, 2005 that lasted for 3 ½ days. During trial, the parties entered a

consent order dismissing Count I of the Counterclaim without prejudice and dismissing Counts II, III and V of the Counterclaim with prejudice.  *See* Court's Order February 7, 2005.  Following the trial, the Court found in favor of Transgroup and against Stonepath in the amount of $42,653.27 on Count II of the Complaint (tortious interference with contractual relations).  *See* Court's Order February 7, 2005.

Furthermore as detailed above, Transgroup is the prevailing party on Count I (breach of contract), although its success under this claim was limited.  Defendants prevailed on Count VI of the Counterclaim (breach of contract), although its success on this claim was also limited.  Therefore, under the particular circumstances of this case, it cannot be held that either party prevailed as to a substantial amount of the litigation.  Accordingly, the Court in the exercise of its discretion, declines to award attorneys' fees and costs to any of the parties, since each of them prevailed in part.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that

(1) Judgment is entered for Plaintiffs Transgroup Express, Inc. and Transfair North America International Freight Services,

Inc. and against Defendants Regroup Express LLC and Stonepath Logistic Government Services, Inc. on Count I of the Complaint in the amount of $2,094.815.95.  Plaintiffs Transgroup Express, Inc. and Transfair North America International Freight Services, Inc. shall return $233,381.30 from the reserve fund to Defendants Regroup Express LLC and Stonepath Logistic Government Services, Inc., reflecting the difference between the reserve fund and the judgment entered on behalf of Plaintiffs.

(2) Judgment is entered for Defendants Regroup Express LLC and Stonepath Logistic Government Services, Inc. and against Plaintiffs Transgroup Express, Inc. and Transfair North America International Freight Services, Inc. on Count VI of the Counterclaim in the amount of $233,381.30.

(3) The Court declines to award attorney's fees and costs.

The Clerk is directed to forward a copy of this Order to counsel.

Entered this ____ day of August, 2005.

_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
08/  /05

12